Filed 11/21/13  P. v. Serrano CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MARCO ANTONIO ESPINAL SERRANO,<br><br>　　　Defendant and Appellant. | H039605<br>(Santa Cruz County<br>Super. Ct. No. F22640) |

Defendant Marco Antonio Espinal Serrano was convicted of possession of cocaine for sale (Health & Saf. Code, § 11351) following a court trial.  The trial court suspended imposition of sentence and placed him on probation for three years on condition that he serve 150 days in county jail or in an alternative custody program.  Defendant filed a timely notice of appeal.

## I.  Statement of Facts[1]

At approximately 10:35 p.m. on November 13, 2011, Deputy Sheriff Paul Nagamine was on patrol when he observed three men, who were drinking alcohol, next to

---

[1]    Based on the parties' agreement, the evidence presented at the court trial included the transcript of the preliminary examination and the County of Santa Cruz Sheriff's Office incident report.

a green Lexus on Hastings Lane. Deputy Nagamine approached the men and advised them that they were in violation of the county code. As Deputy Nagamine asked the men to sit on the curb, Deputy Doyle arrived. Deputy Nagamine then walked up to the Lexus, illuminated the interior with a flashlight, and observed open containers of beer and two plastic bindles containing a white powdery substance on the left rear passenger seat. There was also a digital scale underneath one of the bindles.

Believing that the three men were engaged in drug sales and might be armed, Deputy Nagamine pointed his handgun at them. He then ordered them to lie down and handcuffed them with the assistance of Deputy Doyle. Following a pat search, the men were directed to sit against a fence. After Deputy Nagamine retrieved the plastic bindles and the scale, he asked the men who the drugs belonged to. Initially, he received no response. When he directed his question to defendant, defendant said in English that they belonged to him and that he was selling drugs to make money for his ill mother in Mexico. Deputy Nagamine placed defendant under arrest. After Deputy Nagamine moved defendant to his patrol vehicle, he approached the two other men and asked if they knew who the drugs belonged to. William Manns told the deputy, "I didn't want to rat anyone out, but the drugs are [defendant's]." Cesar Gomez responded that he did not know. These two men were then released.

Deputy Nagamine collected the evidence, photographed the scene, and transported defendant to the South County Service Center. Defendant was seated at a desk and his handcuffs were removed. Given that defendant's English was limited, the deputy telephoned for an interpreter. Deputy Nagamine read defendant his *Miranda*[2] rights, and the interpreter provided a translation. Defendant stated that he understood his rights and he told the deputy that the drugs and the scale that were found in the car were his. At some point, the deputy searched defendant and found $223.

---

[2]     *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

Defendant was subsequently transported to county jail for booking. The substance in the plastic bindles tested presumptive positive for cocaine and weighed 14.7 grams. When Deputy Nagamine informed defendant of the weight, defendant told him that when he weighed the substance it was 13.5 grams without the plastic baggies.

Detective Kenneth Besk reviewed the evidence retrieved by Deputy Nagamine as well as his report. He opined that defendant possessed the cocaine for sale.

Defendant testified that after he was taken to the small police station, the officer had him sit on a chair. Defendant was handcuffed to the chair while the officer contacted the translation service. He remained handcuffed during the interview.

## II. Discussion

Appointed appellate counsel has filed an opening brief which states the case and the facts but raises no issues. Defendant was notified of his right to submit written argument on his own behalf but he has failed to avail himself of the opportunity. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

## III. Disposition

The judgment is affirmed.

_____

Mihara, J.

WE CONCUR:


_____

Elia, Acting P. J.


_____

Grover, J.

4